UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 05-110 |
| VERNARD MITCHELL, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Pending before the Court is defendant Vernard Mitchell's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Because it appeared to the Court that Mr. Mitchell raised arguments for a reduction of sentence pursuant to 18 U.S.C. § 3582(c), the Court ordered the Government to address both statutory provisions in its response.  In response, the Government moved to transfer the § 2255 claim, and opposed a sentence reduction pursuant to § 3582(c).  Upon consideration of the record in this case, as well as the motions and opposition thereto, the Court will grant the Motion to Transfer Mr. Mitchell's § 2255 claim.  To the extent that Mr. Mitchell has moved for a sentence reduction under § 3582(c), the motion will be **DENIED**.

**I. BACKGROUND**

On March 24, 2005, Mr. Mitchell was charged with unlawful possession of a firearm by a person convicted of a crime

punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); unlawful possession of 5 grams or more of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Two); unlawful possession of heroin with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three); unlawful possession of cannabis with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count Four); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five).  *See* Presentencing Investigation Report (PSI) at 1, ECF No. 40.  A jury trial commenced on March 8, 2006, before this Court.  *See* Government's Mot. to Transfer at 2. The trial concluded on March 13, 2006, when the jury found Mr. Mitchell guilty on Counts one through four, and not guilty on Count Five.  *Id.* at 2-3.

Prior to sentencing, the United States Probation Office determined Mr. Mitchell's sentencing range under the relevant statutes and the United States Sentencing Guidelines.  The Probation Office determined that the base offense level under Guideline § 2D1.1 was 28, because the offense involved the equivalency of at least 400 Kilograms but less than 700 Kilograms of marijuana.  PSI ¶ 17 (citing U.S.S.G § 2D1.1(a)(3) and (c)(6)).  The Probation Office applied a two-level upward

adjustment because the defendant was found to be in possession of two firearms that were related to the instant offense. PSI ¶ 18 (citing § 2D1.1(b)(1)). As a result, Mr. Mitchell's adjusted base offense level under the Guidelines was 30. PSI ¶ 22.

However, because Mr. Mitchell had two prior controlled substance felony offenses, the Probation Office was required by the Sentencing Guidelines to compare the guideline offense level of 30 with the applicable "career offender" offense level. Pursuant to chapter four of the Sentencing Guidelines, the Probation Office determined that the "career offender" offense level was 34. This was determined by applying the statutory maximum sentence for Mr. Mitchell's most serious offense (Count Two: Unlawful Possession with Intent to Distribute 5 grams or More of Cocaine Base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)), which was 40 years, to the "career offender" table in Chapter Four of the Sentencing Guidelines. That table provides that for offenses that have a statutory maximum of 25 years or more, the offense level for a "career offender" is 34. U.S.S.G. § 4B1.1. Because Mr. Mitchell's "career offender" offense level (34) was higher than his applicable guideline offense level (30), the Probation Office determined that the "career offender" offense level was appropriate. PSI ¶ 25; *see* U.S.S.G. § 4B1.1(b) (if the "career offender" offense level is greater than the offense level otherwise applicable, the "career

3

offender" offense level applies).  The Probation Office then determined that Mr. Mitchell's criminal history category was VI.  PSI ¶ 36.  Accordingly, the applicable Guideline range for Mr. Mitchell was 262 to 327 months.  PSI ¶ 69 (citing U.S.S.G. § 5(A)).

On March 30, 2007, Mr. Mitchell was sentenced to 120 months' imprisonment on Count One; 262 months' imprisonment on Count Two; 240 months' imprisonment on Count Three; and 60 months' imprisonment on Count Four, with the sentences on all counts to run concurrently.  J. at 3, ECF No. 71.  The Circuit affirmed this Court's decision in November 2008.  *United States v. Mitchell*, 304 F. App'x 880, 881 (D.C. Cir. 2008).

On December 8, 2009, Mr. Mitchell filed a *pro-se* Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both trial and appellate counsel.  Mot. to Vacate, ECF No. 95.  On January 30, 2012, this Court denied Mr. Mitchell's § 2255 motion.  *Mitchell v. United States*, 841 F. Supp. 2d 322 (D.D.C. 2012).  On October 12, 2012, Mr. Mitchell filed the instant *pro-se* amended motion pursuant to 28 U.S.C. § 2255; he supplemented his motion with a "Supplemental Motion of Material Facts" on January 14, 2013.  Pet'r's Am. Mot., ECF No. 105.  The Government subsequently opposed Mr. Mitchell's motion and supplement, and moved for his § 2255 claims to be

transferred.  Government's Mot. to Transfer at 4, n.3, ECF No. 108.  The motions are ripe for resolution by the Court.

## II. Discussion

### A. 28 U.S.C. § 2255

A prisoner in the custody of the federal courts may collaterally attack his or her sentence under 28 U.S.C. § 2255 on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." *Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007) (citing 28 U.S.C. § 2255).  After the first unsuccessful § 2255 motion, the petitioner must seek certification from the appropriate court of appeals before filing a successive motion. 28 U.S.C. § 2255(h); *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Because this restriction is jurisdictional, the court must establish that it has the power to hear the case before addressing the merits of such a motion.  *See Burton v. Stewart*, 549 U.S. 147 (2007) (holding that the restrictions on successive habeas petitions from state sentences under § 2244 are jurisdictional); *Davis–*

*Rice v. United States*, 224 F. App'x 702, 703 (9th Cir. 2007) (applying *Burton* to habeas petitions from federal sentences under § 2255); *United States v. Herrera*, 216 F. App'x 809, 811 (10th Cir. 2007) (determining that the requirement for circuit certification of successive § 2255 motions is jurisdictional); *see also United States v. Akers*, 519 F. Supp. 2d 94, 96 (D.D.C. 2007) ("The court of appeals has not authorized the filing of [petitioner's] [second or successive] motion; thus, this Court is without jurisdiction over the matter.").

As discussed above, On December 8, 2009, Mr. Mitchell filed his first unsuccessful *pro-se* motion to vacate pursuant to § 2255. On October 12, 2012, Mr. Mitchell filed the instant *pro-se* amended motion pursuant to § 2255. In each motion, Mr. Mitchell attacks his conviction and sentencing on a number of constitutional grounds. *See Mitchell v. United States*, 841 F. Supp. 2d 322 (D.D.C. 2012) (describing claims in petitioner's first habeas petition); *see also* Pet'r's Am. Mot. (arguing, *inter alia*, that Mr. Mitchell's rights under the Sixth and Fourteenth Amendment were violated during the criminal proceedings, resulting in an unlawful conviction and sentence). Although Mr. Mitchell titles the instant motion "Petitioner's Amended Motion to Petitioners Motion to Vacate Set Aside Or Correct Sentence", it is clear that Mr. Mitchell's now-pending motion is a "second or successive" motion as that phrase is used

6

in § 2255(h), because this Court ruled on Mr. Mitchell's first § 2255 motion on January 30, 2012, and that motion is therefore not susceptible to amendment.

Therefore, this Court is without jurisdiction to consider the motion as Mr. Mitchell has not first obtained certification from the D.C. Circuit authorizing him to file it in this Court. The appropriate course of action is to transfer Mr. Mitchell's motion to the D.C. Circuit pursuant to 28 U.S.C. § 1631. *See Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008); *Akers*, 519 F. Supp. 2d at 96. The Government's motion to transfer Mr. Mitchell's *pro-se* constitutional 28 U.S.C. § 2255 claims to the U.S. Court of Appeals for the District of Columbia is therefore **GRANTED**.

B. 18 U.S.C. § 3582

Under 18 U.S.C. § 3582(c), a court may modify a sentence when the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010); *United States v. Tepper*, 616 F.3d 583, 585 (D.C. Cir. 2010). However, Mr. Mitchell's sentence was based on a sentencing range that has not been subsequently lowered.

As discussed above, Mr. Mitchell's status as a "career offender" required the Probation Office and this Court to compare Mr. Mitchell's applicable guideline range under § 2D1.1

7

with the applicable "career offender" provision under Section § 4B1.1.  Although Mr. Mitchell's offense level under Guideline § 2D1.1 would be lower if he was sentenced today, Mr. Mitchell's sentence was not based on that level; rather, it was based on his "career offender" offense level pursuant to Section § 4B1.1 of the Sentencing Guidelines.  That enhancement, which increased Mr. Mitchell's base offense level of 30 to an offense level of 34, has remained unchanged since the time of Mr. Mitchell's sentencing.  *See Tepper*, 616 F.3d at 585 (where defendant was sentenced based on "career offender" sentencing range, defendant was not entitled to sentence reduction based on amendment to crack cocaine sentencing range, because defendant's sentence was not based on that range).

   Defendant argues that the Fair Sentencing Act, which increased the amount of crack cocaine necessary to trigger mandatory minimum sentences, applies retroactively to his sentence, and that this qualifies him for § 3582(c) relief.  *See* Pet'r's Am. Mot. at 5.  However, the FSA does not apply retroactively to a defendant whose conviction and original sentence became final before the FSA was enacted on August 3, 2010.  *United States v. Bigesby*, 685 F.3d 1060 (D.C. Cir. 2012); *see United States v. Jiron*, No. 96-CR-0210, 2012 WL 2384108, 1 (D.D.C. June 25, 2012) (applying *Bigesby* to deny motion to reduce sentence based on Fair Sentencing Act where defendant was

8


sentenced in 2004); *c.f. Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (holding that the FSA applies retroactively only in the narrow circumstance of the post-Act sentencing of a pre-Act offender).

Because Mr. Mitchell was sentenced in 2007, prior to the enactment of the FSA on August 3, 2010, the FSA cannot be applied retroactively to his sentence.[1]  Therefore, Mr. Mitchell may not claim § 3582(c) relief under any amendment to the crack cocaine sentencing guidelines subsequent to his sentencing, nor may he claim relief under the FSA.

### III. Conclusion

For the foregoing reasons, this Court **TRANSFERS** petitioner's *pro-se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, and **DENIES** petitioner's motion for a reduction in sentence pursuant to 18 U.S.C. §

---

[1] Even if the FSA was retroactively applicable to Mr. Mitchell's sentence, it is not clear that it would have any effect on his sentence.  As discussed above, Mr. Mitchell's sentence was based on his status as a "career offender."  That enhancement, which increased Mr. Mitchell's base offense level of 30 to an offense level of 34, is calculated based on the statutory maximum sentence applicable to a defendant's most serious offense.  It is unclear whether retroactive application of the FSA to Mr. Mitchell's sentence would alter this calculation, because at the time Mr. Mitchell was sentenced, the 21 grams of crack cocaine in his possession carried a maximum sentence of 40 years.  *See* 21 U.S.C. § 841(b)(1)(2006).  However, if Mr. Mitchell was sentenced now, pursuant to the FSA, the 21 grams of crack cocaine in his possession would be less than the statutory minimum required to charge him under § 841(b)(1).  However, because the FSA does not apply retroactively to Mr. Mitchell's sentence, this inquiry is outside of the scope of this opinion.

3582(c).  An appropriate order accompanies this memorandum opinion.


**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            July 15, 2013**