**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
|                 Plaintiff, |
| v. |
| VERNARD A. MITCHELL, |
|                 Defendant. |

Crim. No. 05-00110 (EGS)

**MEMORANDUM OPINION**

Defendant Vernard A. Mitchell ("Mr. Mitchell") moves to reduce his sentence pursuant to Section 404(b) of the First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). In 2005, Mr. Mitchell was arrested on drug and firearm charges. A jury found him guilty on four of five counts, including the unlawful possession with intent to distribute five grams or more of cocaine base ("crack cocaine"). Mr. Mitchell was sentenced to a total concurrent term of 262 months of imprisonment, and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") affirmed his sentence.

At the time of sentencing, Mr. Mitchell's offense for the unlawful possession with intent to distribute five grams or more of crack cocaine carried a five-year mandatory minimum sentence and a maximum sentence of forty years of imprisonment. In 2010 and 2018, the Fair Sentencing Act, Pub. L. No. 111-220, 124

Stat. 2372 (2010), and the First Step Act were enacted to, *inter alia*, reduce the harsh penalties for cocaine-based offenses by eliminating the five-year mandatory minimum sentence and lowering the maximum sentence to twenty years of imprisonment for offenses involving less than 28 grams of crack cocaine. To further address the sentencing disparity between crack cocaine and powder cocaine offenses, President Barack H. Obama issued executive grants of clemency for several individuals, including one for Mr. Mitchell in 2016. As a result, Mr. Mitchell's total concurrent sentence was reduced to 210 months of imprisonment. To date, Mr. Mitchell has served more than fourteen years in prison, he has not incurred a single disciplinary infraction, and he has completed various educational and vocational programs. Under these circumstances, the Court will exercise its discretion under Section 404(b) of the First Step Act to reduce his sentence to time-served.

## I.   Background

The factual and procedural background is straightforward. In 2005, Mr. Mitchell was indicted on five drug and firearm charges. Indictment, ECF No. 5 at 1-3.[1] The evidence at the five-day jury trial in 2006 revealed that Mr. Mitchell was inside an

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

apartment where law enforcement recovered, among other things, 21 grams or less[2] of crack cocaine. *See* Gov't's Mem. in Aid of Sentencing, ECF No. 59 at 2; *see also* Presentence Investigation Report ("PSR") at 4 ¶ 8.[3] The jury found Mr. Mitchell guilty on four of five counts. *E.g.*, *United States v. Mitchell*, 953 F. Supp. 2d 162, 163-64 (D.D.C. 2013) ("*Mitchell II*"); *Mitchell v. United States*, 841 F. Supp. 2d 322, 326 n.1 (D.D.C. 2012) ("*Mitchell I*").[4]

---

[2] The PSR states that 21 grams of cocaine base were recovered from the apartment. PSR at 4 ¶ 8; *see also* Def.'s Sentencing Mem., ECF No. 58 at 9 n.5 (stating that the quantity of cocaine base in this case is "21 grams"). The government's Memorandum in Aid of Sentencing asserts that the facts at trial established that law enforcement seized, *inter alia*, "approximately 14.5 grams of crack cocaine." Gov't's Mem. in Aid of Sentencing, ECF No. 59 at 2.

[3] The United States Probation Office (the "Probation Office") prepared the PSR on May 10, 2006, and revised it on July 11, 2006. PSR at 1. The Receipt and Acknowledgement of the PSR was filed on July 25, 2006. Receipt & Acknowledgment of PSR, ECF No. 40 at 1. The PSR was not filed on the docket. *See generally* Criminal Action No. 05-00110.

[4] Mr. Mitchell was charged with the following five counts: (1) unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); (2) unlawful possession of 5 grams or more of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) ("Count Two"); (3) unlawful possession of heroin with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Three"); (4) unlawful possession of cannabis with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) ("Count Four"); and (5) using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) ("Count Five"). *Mitchell I*, 841 F. Supp. 2d at 326

Using the 2005 United States Sentencing Guidelines Manual,
the Probation Office calculated Mr. Mitchell's sentencing
guideline range. PSR at 5 ¶ 12. The Probation Office grouped
Counts One through Four, *id.* at 5 ¶ 15, and determined that
Mr. Mitchell's base offense level was 28 since the offense
involved the equivalency of at least 400 kilograms but less than
700 kilograms of marijuana. *Mitchell II*, 953 F. Supp. 2d at 164
(citing PSR at 5-6 ¶ 17 (citing U.S.S.G. § 2D1.1(a)(3),
(c)(6))). Because Mr. Mitchell was found to be in possession of
two firearms that were related to the offense, the Probation
Office applied a two-level upward adjustment, which adjusted his
offense level to 30. *Id.* (citing PSR at 6 ¶ 22).

Mr. Mitchell's career-offender status increased his
adjusted offense level from 30 to 34. PSR at 6 ¶ 23. He had two
prior convictions—one designated as a "controlled substance
offense" and the other a "crime of violence"—in the Superior
Court of the District of Columbia ("Superior Court"): (1) a 1989
conviction for attempted possession with intent to distribute
cocaine ("PWID"); and (2) a 1997 conviction for attempted
robbery. *See Mitchell II*, 953 F. Supp. 2d at 164; *see also* PSR
at 7, 9 ¶¶ 29, 32. The Probation Office calculated his total
offense level of 34 by applying the statutory maximum sentence

---

n.1. This Court dismissed the fifth count after the jury found
him not guilty on that count. *Id.* at 326.

4

for Mr. Mitchell's most serious offense—Count Two, which was 40 years—to the career-offender table in Chapter Four of the Sentencing Guidelines. *Mitchell II*, 953 F. Supp. 2d at 164. That table provided that for offenses that have a statutory maximum of 25 years or more, the offense level is 34 for a "career offender." *Id.* (citing U.S.S.G. § 4B1.1). As a result, Mr. Mitchell's criminal history category increased from V to VI. *Id.* The Probation Office determined that Mr. Mitchell's applicable guideline range was 262 to 327 months. *Id.* (citing PSR at 14 ¶ 69 (citing U.S.S.G. § 5(A))). The Court adopted those calculations. *See generally* J., ECF No. 71.

In 2007, the Court sentenced Mr. Mitchell to 120 months of imprisonment on Count One, 262 months of imprisonment on Count Two, 240 months of imprisonment on Count Three, and 60 months of imprisonment on Count Four, to run concurrently for Counts One through Four, respectively. *Mitchell I*, 841 F. Supp. 2d at 326 (citing J., ECF No. 71 at 3). Count Two—the crack cocaine offense—carried a five-year mandatory minimum sentence and a forty-year maximum sentence. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2005). The Court imposed concurrent terms of supervised release on Mr. Mitchell with three years on Count One, five years on Count Two, three years on Count Three, and three years on Count Four. J., ECF No. 71 at 4. The D.C. Circuit affirmed the Court's judgment in 2008. *United States v. Mitchell*, 304 F. Appx 880,

881 (D.C. Cir. 2008).

Since 2009, Mr. Mitchell has sought relief under 28 U.S.C.
§ 2255 and 18 U.S.C. § 3582(c). *See, e.g.*, *Mitchell I*, 841 F.
Supp. 2d at 333 (denying petitioner's *pro se* motion to vacate,
set aside, or correct sentence); *Mitchell II*, 953 F. Supp. 2d at
165-66 (denying petitioner's *pro se* motion for a sentence
reduction under Section 3582(c) because the Fair Sentencing Act,
was not retroactive; transferring petitioner's *pro se* motion to
vacate, set aside, or correct sentence to the D.C. Circuit). The
D.C. Circuit granted Mr. Mitchell's emergency motion for
authorization to file a successive motion pursuant to Section
2255 in light of *Johnson v. United States*, 135 S. Ct. 2551
(2015), *see* Order, *In re Vernard A. Mitchell*, No. 16-3039 (D.C.
Cir. June 23, 2016) (per curiam), but Mr. Mitchell later
withdrew his motion, *see* Withdrawal of Mot., ECF No. 126 (styled
as a "Notice of Voluntary Dismissal").

In 2010, Congress enacted, and President Obama signed into
law, the Fair Sentencing Act, which eliminated the mandatory
minimum sentence and lowered the maximum sentence to twenty
years for offenses involving less than twenty-eight grams of
crack cocaine. *See* Pub. L. 111-220, § 2, 124 Stat. 2372
(striking "5 grams" and inserting "28 grams" in 21 U.S.C.
§ 841(b)(1)(B)(iii)); *see also* 21 U.S.C. § 841(b)(1)(C). The
Fair Sentencing Act did not apply retroactively to defendants,

like Mr. Mitchell, whose convictions and original sentences became final before the Act was enacted on August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 264 (2012); *see also Mitchell II*, 953 F. Supp. 2d at 166. A few years later, a number of individuals serving sentences under the statutory penalties for crack cocaine offenses received reduced sentences through executive grants of clemency. *See* Def.'s Ex. A, ECF No. 133-2 at 1-9.

On November 22, 2016, President Obama commuted Mr. Mitchell's total sentence of imprisonment to a term of 210 months, leaving intact his term of supervised release and the conditions imposed by this Court. *See, e.g.*, Def.'s Ex. A, ECF No. 133-2 at 2-9; Press Release, President Obama Grants Commutations, The White House (Nov. 22, 2016), https://obamawhitehouse.archives.gov/the-press-office/2016/11/22/president-obama-grants-commutations. On December 6, 2016, this Court entered an Order to that effect. Order, ECF No. 125 at 1.

In 2018, the First Step Act became law, giving retroactive effect to the statutory penalty provisions of the Fair Sentencing Act. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Under the First Step Act, a district court has the discretion to reduce a defendant's sentence if the court determines that the defendant is eligible for relief. *Id.*

On May 14, 2019, Mr. Mitchell filed an emergency motion to reduce his sentence under Section 404(b) of the First Step Act. *See* Def.'s Emergency Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 127. The Court ordered the government to respond to Mr. Mitchell's motion, Minute Order of May 16, 2019, and the government filed its opposition on June 3, 2019, *see* Gov't's Opp'n, ECF No. 132. Mr. Mitchell filed his reply on June 7, 2019, *see* Def.'s Reply, ECF No. 133. Mr. Mitchell's motion is now ripe and ready for the Court's adjudication.

## II. Analysis

Under Section 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." *Id.* § 404(a). In other words, the First Step Act effectively authorizes a federal district court to retroactively apply the statutory penalty provisions of the Fair Sentencing Act to a covered offense, such as the unlawful possession of five grams or more of crack cocaine with the intent to distribute it, and

thereby reduce a defendant's sentence. *United States v. Powell*, 360 F. Supp. 3d 134, 138 (N.D.N.Y. 2019).

In moving for a reduced sentence, Mr. Mitchell advances three primary arguments. First, he argues that he is eligible for a sentence reduction of seventy-seven months of imprisonment and a three-year term of supervised release under Section 404(b) of the First Step Act because: (1) this Court sentenced him to a "covered offense"—Count Two—involving "5 grams or more" of crack cocaine; and (2) the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(B) (2005) to remove the five-year mandatory minimum sentence. Def.'s Mot., ECF No. 127 at 6. Next, Mr. Mitchell contends that President Obama's commutation of his sentence does not affect his eligibility. *Id.* Finally, Mr. Mitchell urges this Court to reduce his sentence to seventy-seven months of imprisonment and three years of supervised release because he no longer qualifies as a "career offender" under current law that takes into account a lower Guidelines range. *Id.* at 7-11.

The government responds that "*[b]ut for the commutation of his sentence*, [Mr. Mitchell] would be eligible for a sentence reduction under the First Step Act" because he "was sentenced before August 3, 2010, for a covered offense . . . and application of the Fair Sentencing Act reduces both his statutory penalties and his guideline range." Gov't's Opp'n, ECF No. 132 at 8 (emphasis added). The government argues that a

reduced sentence for Mr. Mitchell is not warranted because:
(1) his career-offender offense level is now 32; and (2) his
commuted sentence of 210 months of imprisonment reflects the
modified Guidelines range of 210 to 262 months after the Fair
Sentencing Act modified the statutory penalties for his covered
offense. *Id.* at 9, 13.

Perhaps realizing that its position as to Mr. Mitchell's
ineligibility under the First Step Act will not prevail, the
government requests that this Court impose a sentence of "time
served," *id.* at 14, rather than Mr. Mitchell's requested term of
seventy-seven months of imprisonment, to avoid Mr. Mitchell
receiving "credit for 'overserved time,' which may affect
resolution of a later violation of supervised release because
the Bureau of Prisons will credit the overserved time toward a
later term of imprisonment for violation of supervised release."
*Id.* at 15. The government does "not oppose a reduction in
[Mr. Mitchell's] term of supervised release to three years" if
the Court finds that he is eligible for a sentence reduction
under the First Step Act. *Id.* at 14 n.4. In response,
Mr. Mitchell does not oppose a sentence of "time-served." Def.'s
Reply, ECF No. 133 at 7.

After explaining the Court's authority to reduce a sentence
under Section 404 of the First Step Act, the Court will address
each of the parties' arguments in turn.

## A. The Court's Authority to Impose a Reduced Sentence Under the First Step Act

The parties agree that the Court may exercise its discretion to impose a reduced sentence under the First Step Act. *See* Gov't's Opp'n, ECF No. 132 at 13 ("Section 404(c) of the First Step Act makes clear that a sentence reduction is discretionary."); *see also* Def.'s Reply, ECF No. 133 at 18-19 (stating that a district court's power under the First Step Act is "broad because Congress anticipated complicated cases and wanted the courts to have discretion and flexibility to determine the appropriate remedy for defendants who were sentenced under laws that are now widely recognized as misguided, unjust, and racially motivated."). Indeed, "Congress clearly intended relief under § 404 of the First Step Act to be discretionary[.]" *United States v. Rose*, No. 03-CR-1501 (VEC), 2019 WL 2314479, at *7 (S.D.N.Y. May 24, 2019).

Section 404(c) of the First Step Act expressly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222. The First Step Act places two limits on the district court's authority. *Id.* A district court "shall" not reduce a sentence: (1) "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the

Fair Sentencing Act[;]" and (2) "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* Nothing else in Section 404 limits the Court's authority to reduce a sentence. *See id.*

It is undisputed that "neither limitation applies in this case." Def.'s Mot., ECF No. 127 at 3 n.1; *see generally* Gov't's Opp'n, ECF No. 132. Nonetheless, the government argues that "in the context of this limited proceeding under 18 U.S.C. § 3582(c), the Court does not have authority to grant any reduction." Gov't's Opp'n, ECF No. 132 at 1. Section 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise *expressly permitted by statute* or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18 U.S.C. § 3582(c)(1)(B) (emphasis added). Mr. Mitchell argues that "[i]t is immaterial whether this motion proceeds via § 3582(c)(1)(B) or through the independent grant of authority given [to] this Court in the First Step Act itself" because the First Step Act expressly allows a district court to "'impose a reduced sentence' . . . 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed[.]'" Def.'s Reply, ECF No. 133 at 10 (quoting Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222).

Section 3582(c)(2) "authorizes a district court to reduce an otherwise final sentence pursuant to a Guidelines amendment if a reduction is consistent with the [United States Sentencing] Commission's policy statements." *Dillon v. United States*, 560 U.S. 817, 818 (2010); *see also* 18 U.S.C. § 3582(c)(2). Acknowledging that "the First Step Act does not incorporate § 3582(c)(2)," Gov't's Opp'n, ECF No. 132 at 11, the government contends that "[t]he Court's ability to reduce a sentence in this context is limited[,]" *id.* at 5 (citing *Dillon*, 560 U.S. at 824). The government asserts that the First Step Act, "using the same term—'reduce[]'—that appears in "[Section 3582(c)(2)] does not permit 'further sentencing' or a 'resentenc[ing].'" *Id.* at 11 (quoting *Dillon*, 560 U.S. at 825 (citation omitted)). The government asks this Court to rely on the "analogous circumstances" in Section 3582(c)(2) proceedings for any reduction of Mr. Mitchell's sentence. *Id.* at 10. Mr. Mitchell argues that Section 3582(c)(2) is irrelevant because "the Sentencing Commission is not involved" in this case and the text of the First Step Act does not reference the Sentencing Guidelines or policy statements. Def.'s Reply, ECF No. 133 at 11.

Courts have reached different conclusions on the open question of whether Section 404(b) motions are governed by

18 U.S.C. § 3582(c).[5] This Court joins the courts that have decided that the issue need not be resolved in order for the Court to grant relief under the First Step Act. *See, e.g.*, *United States v. Sampson*, 360 F. Supp. 3d 168, 170 (W.D.N.Y. 2019) ("The legal issues raised by the parties may need to be resolved at some point, but they need not all be decided *now*, in this case." (emphasis in original)). In *Sampson*, the court recognized that the dispute as to whether 18 U.S.C. § 3582(c) applies to Section 404(b) motions was chiefly one about "whether a full resentencing was required, or whether a simple

---

[5] Some courts have concluded that Section 404(b) motions fall under either § 3582(c)(1)(B) or § 3582(c)(2). *See, e.g.*, *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (construing "motion as one brought under 18 U.S.C. § 3582 (c)(1)(B), which permits modification of an imposed term of imprisonment to the extent expressly permitted by statute."); *United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 2192508, at *19 (D.N.M. May 21, 2019) ("First Step Act motions for sentence reduction are 18 U.S.C. § 3582(c)(2) proceedings."). Other courts have held that § 3582(c)(2) or 3582(c)(1)(B) does not govern motions brought under the First Step Act. *See, e.g.*, *United States v. Martinez*, No. 04-CR-48-20 (JSR), 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (holding that § 3582(c)(2) did not govern the defendant's case because his "sentencing range was lowered by statute, not by the Commission."); *Rose*, 2019 WL 2314479, at *6 ("Section 3582(c)(1)(B) is . . . not itself a source of authority for sentence modifications, nor does it delineate the scope of what the district court should consider when resentencing is authorized by another provision."); *United States v. Coleman*, No. 04-CR-278-PP, 2019 WL 1877229, at *6 (E.D. Wis. Apr. 26, 2019) (finding that § 3582(c)(2) was inapplicable because "[t]he defendant is not asking for a reduced sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," under § 3582(c)(2).").

modification of sentence would suffice." *Id.* at 171. The court rejected any request for a full resentencing to the extent the defendant sought a formal resentencing for a specified term of imprisonment because "the appropriate remedy [was] simply to reduce defendant's sentence to the time he has already served." *Id.*

This Court takes a similar approach. Mr. Mitchell does not seek a full, *de novo*, or plenary resentencing.[6] *See generally* Def.'s Reply, ECF No. 133. Although Mr. Mitchell initially sought a specified term of seventy-seven months of imprisonment, Def.'s Mot., ECF No. 127 at 2, he does not oppose a sentence of "time-served," Def.'s Reply, ECF No. 133 at 7. Upon a finding of eligibility, the government requests that the Court impose a sentence of "time-served" for Mr. Mitchell. Gov't's Opp'n, ECF No. 132 at 14-15. The government cites case law for the proposition that the Court should avoid imposing "a term of months [of imprisonment] less than the period that defendant has already served[.]" *Id.* (citing *United States v. Laguerre*, No. 02-cr-30098, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019); *United States v. Jackson*, No. 5:03-CR-30093, 2019 WL 613500, at *2 (W.D. Va. Feb. 13, 2019)). The Court agrees.

---

[6] The government argues that Section 404 of the First Step Act does not authorize a plenary resentencing. Gov't's Opp'n, ECF No. 132 at 10. Mr. Mitchell has conceded this point by not responding to it. *See generally* Def.'s Reply, ECF No. 133.

### B. Mr. Mitchell Is Eligible for a Sentence Reduction Under the First Step Act

The government acknowledges that Mr. Mitchell would be eligible for a sentence reduction under the First Step Act because he was sentenced before August 3, 2010, for a covered offense, and application of the Fair Sentencing Act reduces both his statutory penalties and his Guidelines range. Gov't Opp'n, ECF No. 132 at 8. But the government argues that the First Step Act does not apply to Mr. Mitchell's commuted sentence.[7] *Id.* As correctly stated by the government, "a number of courts have rejected this argument." *Id.* at 8 n.1 (collecting cases). According to Mr. Mitchell, "[e]very court to address this claim has rejected it." Def.'s Reply, ECF No. 133 at 1.

The government's argument that President Obama imposed a "new sentence" on Mr. Mitchell through commutation is unpersuasive. *See* Gov't's Opp'n, ECF No. 132 at 8. To support its position, the government relies on *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (*en banc*). In *Surratt*, the Fourth Circuit dismissed as moot a habeas challenge to a

---

[7] The Court observes that courts have rejected this argument. *See, e.g.*, *United States v. Razz*, No. 05-80011-CR, 2019 WL 2204068, at *8 (S.D. Fla. May 22, 2019) (rejecting "the Government's "presidentially-imposed" sentence argument[.]"); *United States v. Pugh*, No. 5:95 CR 145, 2019 WL 1331684, at *3 (N.D. Ohio Mar. 25, 2019) (same); *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *2 (N.D. Ill. May 15, 2019) (same); *United States v. Dodd*, 372 F. Supp. 3d 795, 798 (S.D. Iowa 2019) (same).

mandatory life sentence for a crack cocaine offense after a presidential commutation. *Id.* However, the mootness doctrine does not apply to Mr. Mitchell's situation because "[a] case becomes moot . . . only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (citation and internal quotation marks omitted); *see also United States v. Walker*, No. 1:94-CR-5, 2019 WL 1226856, at *2 (N.D. Ohio Mar. 15, 2019) (finding that "the Fourth Circuit's application of the mootness doctrine in *Surratt* does not apply here" because there was relief available for the defendant under the First Step Act). Accordingly, the First Step Act makes it possible for the Court to grant relief to Mr. Mitchell.

The government's reliance on the concurring opinion in *Surratt* is equally unpersuasive. The concurring opinion stated that the petitioner was "no longer serving a judicially imposed sentence, but a presidentially commuted one." *Surratt*, 855 F.3d at 219 (Wilkinson, J., concurring). That statement is inconsistent with Supreme Court precedent. *See Nixon v. United States*, 506 U.S. 224, 232 (1993).

The President's pardon power is "in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside *punishment* for a crime.'" *Id.* (quoting Black's Law Dictionary 1113 (6th ed.

1990)) (emphasis in original); *see also United States v. Buenrostro*, 895 F.3d 1160, 1164-65 (9th Cir. 2018) ("Like a full pardon, a presidential commutation does not overturn the sentence imposed by the sentencing court. It simply 'mitigates or sets aside punishment.'") (quoting *Nixon*, 506 U.S. at 232)).

Several courts have ruled that the First Step Act applies to defendants, like Mr. Mitchell, who received presidential commutations. *See, e.g.*, *Dodd*, 372 F. Supp. 3d at 798 ("[T]he existence of a grant of clemency does not foreclose relief under the First Step Act."); *Biggs*, 2019 WL 2120226, at *2 (same). The text of the First Step Act does not prohibit relief for commuted sentences. *Biggs*, 2019 WL 2120226, at *2 ("Because Congress chose not to exempt commuted sentences, the court declines to read such an exemption into the statute."). Because President Obama's executive grant of clemency for Mr. Mitchell did not impose a new sentence, but only reduced the original one, the Court therefore finds that Mr. Mitchell is eligible for relief under the First Step Act.

### C. Mr. Mitchell Is Entitled to a Reduced Sentence of "Time-Served"

Having determined that Mr. Mitchell is eligible for relief under the First Step Act, the Court must determine the extent to which Mr. Mitchell's sentence will be reduced. To reach that determination, the parties agree that this Court may consider

the sentencing factors set forth in 18 U.S.C. § 3553(a) and any post-sentencing conduct. *See, e.g.*, Gov't's Opp'n, ECF No. 132 at 14 ("[U]nder *Pepper v. United States*, 562 U.S. 476 (2011), the Court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence."); Def.'s Mot., ECF No. 127 at 10; Def.'s Reply, ECF No. 133 at 9.

"Importing the standard set forth in § 3553(a) makes sentencing proceedings under the First Step Act more predictable to the parties, more straightforward for district courts, and more consistently reviewable on appeal." *Rose*, 2019 WL 2314479, at *8. In applying the factors set forth in 18 U.S.C. § 3553(a) to guide the exercise of discretion under the First Step Act, some courts have relied on the Supreme Court's decision in *Pepper* to consider a defendant's post-sentencing rehabilitation and conduct. *See Rose*, 2019 WL 2314479, at *8; *see also United States v. Nance*, No. 8:08CR449, 2019 WL 2436210, at *3 (D. Neb. June 10, 2019). In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation . . . ." 562 U.S. at 481. Courts have interpreted the principle articulated in *Pepper* to permit district courts to consider post-sentencing conduct evidence that "does not always benefit the defendant" and "evidence of

bad acts occurring after the defendant was originally sentenced." *Rose*, 2019 WL 2314479, at *8; *see also Nance*, 2019 WL 2436210, at *3 (stating that consideration of "a defendant's post-incarceration conduct when exercising discretion to reduce a defendant's term of incarceration due to retroactive changes in statutes or sentencing guidelines" is consistent with *Pepper*). The Court is persuaded that consideration of Mr. Mitchell's post-sentencing conduct and the factors set forth in 18 U.S.C. § 3553(a) is appropriate under Section 404(b) of the First Step Act. *See Rose*, 2019 WL 2314479, at *8-9.

Because Mr. Mitchell's crack cocaine offense qualifies as a covered offense, *e.g.*, Def.'s Mot., ECF No. 127 at 6; Gov't's Opp'n, ECF No. 132 at 8-9, the Court may impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed in 2005. *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Mr. Mitchell possessed 21 grams or less of crack cocaine after prior Superior Court convictions. Mr. Mitchell would have faced no mandatory minimum sentence and a maximum sentence of twenty years of imprisonment if the Fair Sentencing Act had been in effect in 2005. According to the government, the statutory penalties are set by 21 U.S.C. § 841(b)(1)(C) instead of § 841(b)(1)(B), but Mr. Mitchell remains a "career offender" because his offense level is calculated by the career-offender guideline. Gov't's Opp'n, ECF

No. 132 at 9. And "his resulting guideline range is now 210 to 262 months instead of 262 to 327 months." *Id.*

Mr. Mitchell disagrees, arguing that his Guidelines range is seventy-seven to ninety-six months of imprisonment without the career-offender enhancement under current law because his prior Superior Court convictions do not qualify as predicates for the career-offender designation under the current Guidelines. Def.'s Mot., ECF No. 127 at 7-9. In the alternative, Mr. Mitchell asserts that the Court may, "as the government asks, calculate his Guidelines range under an obsolete interpretation of the law from the time of his original sentencing (*i.e.*, with an erroneous career offender enhancement), and then vary downwards . . . ." Def.'s Reply, ECF No. 133 at 7.

Today, Mr. Mitchell would not qualify as a career offender under current law,[8] but he would qualify as a career offender

---

[8] The law of this Circuit is clear: attempted robbery and attempted drug distribution no longer qualify as predicates for career-offender status. *See, e.g., United States v. Winstead*, 890 F.3d 1082, 1090-92 (D.C. Cir. 2018) (holding that attempted drug distribution does not qualify as a predicate offense for career-offender status); *United States v. Sheffield*, 832 F.3d 296, 315 (D.C. Cir. 2016) (holding that "D.C.'s attempted robbery statute simply does not qualify as a crime of violence as a categorical matter."). The parties agree that, if the Court sentenced Mr. Mitchell today, his prior Superior Court convictions–the 1989 PWID and the 1997 attempted robbery—would not qualify as predicates for the career-offender designation because those prior offenses no longer meet the definition of "controlled substance offense" and "crime of violence." *See*

under the law at the time of his original sentencing. The question remains, however, whether this Court may calculate Mr. Mitchell's Guidelines range with the career-offender enhancement. Courts presented with this issue have taken different approaches. *Compare Coleman*, 2019 WL 1877229, at *8 ("[The First Step Act] does not authorize the court to disturb [the sentencing judge's] conclusion that the defendant qualified as a career offender."), *with United States v. Anthony*, No. 6:07-CR-00008-1, 2019 WL 2216548, at *2 (W.D. Va. May 22, 2019) (imposing a "timed-served" sentence where "[u]nder the First Step Act, the statutory range for Defendant's offense, taking into account Defendant's career offender status, would be 188–235 months imprisonment.").

Applying the First Step Act, courts have imposed reduced sentences of "timed-served" for defendants below the career-offender Guidelines range. *See*, *e.g.*, *United States v. Newton*, No. 5:02-CR-30020, 2019 WL 1007100, at *5 (W.D. Va. Mar. 1, 2019) (granting the defendant's motion under the First Step Act where he served 198 months in custody; imposing a "time-served" sentence; and finding that "under the current Sentencing Guidelines and the 18 U.S.C. § 3553 factors, a sentence beneath [the] Guideline[s] range [of 262–327 months] [was] warranted.");

---

Def.'s Mot., ECF No. 127 at 7-8; *see also* Gov't's Opp'n, ECF No. 132 at 9.

*United States v. Pierre*, 372 F. Supp. 3d 17, 23 (D.R.I. 2019) (imposing "time-served" sentence where the defendant's Guidelines range was 262 to 327 months' imprisonment at the time of sentencing).

In *United States v. Biggs*, the defendant was a "career offender" with a Guidelines range of 360 months to life imprisonment, and he served more than fourteen years in prison. 2019 WL 2120226, at *2. The court noted that his "armed career criminal" designation was "cause for concern about recidivism," but that designation "was based on drug crimes rather than crimes of violence." *Id.* at *4. The court explained: "Because the Fair Sentencing Act and the First Step Act reflect Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, reduction of Biggs's sentence aligns the statutory purposes of sentencing with the goal of the reform legislation." *Id.* at *4. The court recognized that the defendant was a "model inmate, obtaining his GED and a certificate of apprenticeship in welding. He incurred only three minor disciplinary infractions over the last fourteen years in custody." *Id.* The court imposed a reduced sentence of "time served" because it was "sufficient but not greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a)." *Id.*

Mr. Mitchell's case is even stronger. He has incurred no

disciplinary infractions over his last fourteen years in prison.
*See* Def.'s Reply, ECF No. 133 at 17; *see also* Gov't's Opp'n, ECF
No. 132 at 14 ("Commendably, [Mr. Mitchell] has incurred no
disciplinary infractions and has taken advantage of various
rehabilitative programs while serving his sentence in this
case."). Furthermore, Mr. Mitchell has obtained his GED and
taken a variety of educational and vocational courses. *See,
e.g.*, Def.'s Mot., ECF No. 127 at 10; Def.'s Ex. A, ECF No. 127-
2 at 1-5; Def.'s Ex. B, ECF No. 127-2 at 7; Def.'s Ex. B, ECF
No. 133-2 at 11; Def.'s Ex. D, ECF No. 133-2 at 15. Upon
consideration of the factors set forth in 18 U.S.C. § 3553(a)
and Mr. Mitchell's post-sentencing rehabilitation, the Court
will exercise its discretion under the First Step Act to impose
a reduced sentence of "time-served," which is sufficient and not
longer than necessary to achieve the goals of sentencing.[9] The
Court also imposes a reduction in Mr. Mitchell's term of
supervised release to three years.

Finally, the parties disagree about whether the Court
should delay Mr. Mitchell's release for a period of five days

---

[9] The Court need not hold a hearing on Mr. Mitchell's motion
because he agreed to "waive his right to a hearing and presence
for resentencing if the Court wishes to impose a sentence of
time served or less, because such a hearing would delay his
release." Def.'s Reply, ECF No. 133 at 13; *see also* Gov't's
Opp'n, ECF No. 132 at 12 (stating that a hearing is not required
under Section 404 of the First Step Act).

from the date of the Court's Order. *See* Gov't's Opp'n, ECF No. 132 at 15 n.5; *see also* Def.'s Reply, ECF No. 133 at 19-20. The government argues that the five-day delay is warranted because:

> This period will enable the Bureau of Prisons (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. §§ 4042(b) and (c); and (4) to permit adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135a. This period of time also will ensure that BOP personnel have sufficient time to present defendant with documentation regarding his obligations while on supervised release, thereby minimizing the chance that defendant is released without an adequate understanding of his post-release obligations. This will inure to defendant's benefit and will also promote public safety.

Gov't's Opp'n, ECF No. 132 at 15 n.5. Mr. Mitchell responds that "there are no allegations of sexual misconduct and no victims to notify." Def.'s Reply, ECF No. 133 at 20. According to Mr. Mitchell, Federal Public Defender offices across the nation have reported that the "[Bureau of Prisons] rarely needs any more than [one] or [two] days for release planning" in First Step Act cases. *Id.* In consideration of the cases in which courts have delayed the execution of defendants' releases, *see* Gov't's Opp'n at ECF No. 132 at 15 n.5 (collecting cases), the Court will direct the Bureau of Prisons to delay execution of

the Court's Order for no more than two calendar days to allow the Bureau of Prisons to make the appropriate and necessary arrangements for Mr. Mitchell's release.

## III. Conclusion

For the reasons set forth above, the Court **GRANTS** Mr. Mitchell's Emergency Motion to Reduce Sentence Pursuant to Section 404(b) of the First Step Act. Mr. Mitchell's previously imposed total sentence of imprisonment is reduced to time-served, and his previously imposed concurrent term of supervised release is reduced to three years. Except as otherwise provided, all provisions of the Judgment, ECF No. 71, and the Order, ECF No. 125, shall remain in effect. The Bureau of Prisons is authorized to delay the execution of the Court's Order for no more than two calendar days after its issuance. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED**

**Signed:    Emmet G. Sullivan**
**          United States District Judge**
**          June 27, 2019**